Judge Ronald B. Leighton

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR06-5661RBL |
| Plaintiff, ) | |
| v. ) | GOVERNMENT'S MOTION FOR WHISTLEBLOWER AWARD |
| IRIKA MARITIME S.A., ) | |
| Defendant. ) | |

The government moves this Court to authorize payment of Two Hundred and Fifty Thousand Dollars ($250,000), or one-half of the criminal fine imposed against Defendant Irika Maritime S.A., to Andres F. Bontog. Mr. Bontog served as an engine room crew member onboard the M/V IRIKA, a marine vessel operated by the Defendant. He provided critical information to government inspectors and prosecutors leading to discovery of illegal activities and a successful prosecution. The illegal activities disclosed by Mr. Bontog would not have been discovered but for his efforts.

## I. LEGAL ANALYSIS

Defendant Irika Maritime S.A. has pled guilty to violating the Act to Prevent Pollution from Ships (APPS), Title 33, United States Code, Section 1908(a) and Title 33, Code of Federal Regulations, Sections 151.25(a), (d) and (h). If the parties Plea Agreement is accepted by this Court, Defendant Irika Maritime S.A. will pay a Five Hundred Thousand dollar ($500,000) criminal fine.

Government's Motion for Whistleblower Award - 1
Irika Maritime S.A./CR06-5661RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

The criminal penalty provision in APPS authorizes payment of a whistleblower award. Specifically, the statute states:

> (a) Criminal penalties. A person who knowingly violates the MARPOL Protocol,[,] Annex IV to the Antarctic Protocol, this Act, or the regulations issued thereunder commits a class D felony. In the discretion of the Court, an amount equal to not more than ½ of such fine may be paid to the person giving information leading to conviction.

33 U.S.C. § 1908(a).

## II.  ARGUMENT

The case presently before this Court is only one of a recent collection of prosecutions involving the illegal discharge of oil contaminated wastes from marine vessels. In nearly every case, lower level crew members were directed by vessel engineers to bypass required pollution prevention equipment and pump oil contaminated wastes directly overboard. The lower level crew members complied with those directives under threat of termination and risk of losing their ability to work in the marine industry. The same is true in this case.

Andres Bontog served as second engineer on the M/V IRIKA. He reported to the Chief Engineer, receiving orders and enlisting the assistance of lower level crew members to fulfill those orders. Shortly after reporting to duty onboard the M/V IRIKA, Mr. Bontog began receiving orders from the Chief Engineer directing him to discharge oily sludge directly overboard in violation of international laws prohibiting those practices. Mr. Bontog initially protested, telling the Chief Engineer he would not direct the crew to engage in illegal activity. His protests were ignored and the illegal discharges continued.

In an effort to document the illegal discharges, Mr. Bontog began photographing use of the flexible hose employed by crew members to facilitate the discharges. He initially provided Australian port authorities with copies of the photographs but no action was taken for unknown reasons.[1] Mr. Bontog subsequently provided the same

---

[1] It is important to note that Australia does not, to the best of the government's knowledge, reward persons for providing information leading to prosecution of vessel owners and operators for pollution incidents. This suggests Mr. Bontog's decision to actively seek assistance from port authorities to stop the illegal discharges was not motivated by the prospect of receiving a monetary award.

Government's Motion for Whistleblower Award - 2
Irika Maritime S.A./CR06-5661RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

photographs to U.S. Coast Guard inspectors during the course of a routine port inspection in Vancouver, Washington. Using the photographs and additional evidence provided by Mr. Bontog, inspectors concluded multiple illegal discharges had occurred while the M/V IRIKA transited between ports.

Mr. Bontog agreed to be interviewed by criminal agents and prosecutors after the vessel was detained. Information obtained in that interview was instrumental in developing the government's case against Defendant Irika Maritime S.A. and co-Defendant Ilias Dimitriou Ntais.

At no time during the investigation or prosecution of this case did Mr. Bontog mention or request a reward for providing information. Similarly, the government did not inform him of a possible whistleblower award at any point during the investigation or this prosecution.

The whistleblower award provision in APPS serves a valuable law enforcement purpose. As this Court is aware from prior prosecutions, the illegal discharge activity common in those cases typically occurred on the high seas to avoid detection. The government's success in identifying the activity and obtaining sufficient evidence to support investigations and prosecutions is dependent on the willingness of lower level crew members to step forward and admit the wrongdoing.

The decision to step forward, however, must be weighed against the likelihood that the cooperating crew member will no longer be able to work in the marine shipping industry and may be subject to physical harm and abuse. In fact, several crew members serving onboard the M/V IRIKA reported being struck by the Chief Engineer when he became upset. A substantial monetary award both rewards the crew member for taking that risk and may provide an incentive for fellow crew members to alert inspectors and investigators of similar conduct on other ships.

An award of this magnitude is not without precedent. A review of similar cases involving marine vessel pollution and whistleblowers indicates the following awards have been given:

Government's Motion for Whistleblower Award - 3
Irika Maritime S.A./CR06-5661RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   <u>United States v. OMI</u>, (D. N.J.) (court awarded one-half of a $4.2 million criminal fine to a second engineer who reported illegal discharges and falsified records to local police);

<u>United States v. Sabine Transportation</u>, (D. Iowa) (court awarded one-half of the $2 million criminal fine to three employee whistleblowers);

<u>United States v. Botelho Shipping Corp.</u>, (D. Or.) (crew member who passed a note to investigators disclosing overboard discharges of oil contaminated waste water awarded $225,000, or one-half of the criminal fine issued for an APPS violation);

<u>United States v. Princess Cruise Lines</u> (S.D. Fla.) (cruise ship passenger awarded one- half of the $500,000 criminal fine for providing the government with a videotape of crew members dumping plastic bags of garbage into the ocean);

<u>United States v. Regency Cruises, Inc.</u> (M.D. Fla.) (court split one-half of the $250,000 fine among two different witnesses who reported the pollution to the government);

<u>United States v. Crescent Ship Services</u> (E.D. La.) (court rewarded a company whistleblower with one-half of the $250,000 fine for conspiracy to violate APPS);

<u>United States v. Holland America,</u> (D. Alaska) (court awarded a whistleblower crew member with one-half of the $1 million criminal fine for informing the government of the unlawful discharges of waste oil in violation of APPS);

<u>United States v. D/S Progress</u> (D. Md.) (court awarded two employee whistleblowers with one-half of the $250,000 criminal fine under APPS for slipping a handwritten note to a U.S. Coast Guard inspector that disclosed a crack in the hull of an oil tanker and which resulted in the discovery of other violations);

<u>United States v. Norwegian Cruise Lines</u> (S.D. Fla.) (court awarded a former employee whistleblower $250,000, which was one-quarter of the $1 million criminal fine, for informing the EPA about unlawful discharges and false statements in the Oil Record Book of the *S.S. Norway* cruise ship.

Government's Motion for Whistleblower Award - 4
Irika Maritime S.A./CR06-5661RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

|   |   |
|---|---|
| 1 | **III.  CONCLUSION** |

1   **III.  CONCLUSION**

2   Mr. Bontog took an exceptional risk when he chose to alert United States Coast
3   Guard inspectors to the illegal discharge activity.  His efforts should be rewarded by
4   granting him a Two Hundred and Fifty Thousand Dollar ($250,000) APPS award, or one-
5   half of the criminal fine imposed on Defendant Irika Maritime S.A.

6   Dated this 18th day of January, 2007.

Respectfully submitted,

JOHN McKAY
United States Attorney

/s/ James D. Oesterle
JAMES D. OESTERLE
WSBA # 16399
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone:  (206) 553-7970
Fax:      (206) 553-2502
E-mail:  jim.oesterle@usdoj.gov

Government's Motion for Whistleblower Award - 5
Irika Maritime S.A./CR06-5661RBL

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 | CERTIFICATE OF SERVICE

2   I hereby certify that on January 18, 2007, I electronically filed the foregoing with
3 the Clerk of Court using the CM/ECF system which will send notification of such filing
4 to the attorney of record for the defendant.

*s/Anna Chang*
ANNA CHANG
Paralegal
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone:  (206) 553-7970
Facsimile:   (206) 553-2502
E-mail:  Anna.Chang@usdoj.gov

CERTIFICATE OF SERVICE